UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

PETER B. TURNEY and SUSAN L. TURNEY
4535 Winnequah Road
Monona, Wisconsin 53716

Case No. 21-cv-409

Plaintiffs,

vs.

CITY OF MELLEN
a Wisconsin Municipal Corporation,
102 East Bennett Avenue
P.O. Box 708
Mellen, WI  54546,

Defendant.

## COMPLAINT

Now come Plaintiffs, above captioned, by and through their attorneys Eminent Domain Services, LLC, by Attorneys Erik Olsen and Andrew Weininger, and for their COMPLAINT state and allege as follows:

1) This complaint involves a driveway over the eastern portion of the Plaintiffs' approximately 11.2 acre property located in Ashland County. The Defendant asserts that the driveway is a public road, while the Plaintiffs assert that the driveway is not a public road. This is a 42. U.S.C. § 1983 case showing violations of the Plaintiffs' constitutional

rights under the 5th and 14th Amendments to the United States Constitution and otherwise as set forth herein. This complaint seeks INJUNCTIVE RELIEF to enjoin the City from further asserting that there is a public road over the eastern portion of the Plaintiffs' property and from attempting to use eminent domain to establish a road over the eastern portion of the Plaintiffs' property at this time because it would be for an impermissible private purpose. This Complaint also seeks DECLARATORY RELIEF determining that there is no public road over the eastern portion of the Plaintiffs' property.

## PLAINTIFFS

2) The Plaintiffs are PETER B. TURNEY and SUSAN L. TURNEY, adult residents of the State of Wisconsin residing at 4535 Winnequah Road Monona, Wisconsin 53716.

## DEFENDANT

3) The Defendant is the CITY OF MELLEN a Wisconsin Municipal Corporation located at 102 East Bennett Avenue, P.O. Box 708, Mellen, WI 54546.

## FACTS

4) Peter B. Turney and Susan L. Turney ("the Turneys") own a property in the City of Mellen, Wisconsin associated with the street address of 841 Copper Falls Drive, Mellen Wisconsin.

5) The Turneys' property contains approximately 11.2 acres, and also contains the Turneys' second home. The eastern side of the Turneys' property has a driveway over it,

which is used by the abutters to the north to access the residence on the property to the north.

6) Although the driveway is referred to on some maps as Jaeger Road, the driveway is not a public road.

7) In 2019, the Turneys became aware that Enbridge Energy Co. or its affiliates ("Enbridge") might be relocating one of its pipelines, known as Line 5, due to the Bad River Band of the Lake Superior Tribe of Chippewa Indians of the Bad River Reservation's ("Bad River Band") decision not to renew certain easements on tribal lands, and subsequent litigation with the Bad River Band (case 19-cv-602 pending in the Western District of Wisconsin before Judge Conley).

8) In February of 2020, Enbridge filed with the Public Service Commission of Wisconsin ("PSC") seeking a determination that Enbridge could use eminent domain to acquire necessary interests in real estate for the rerouting of Line 5, the docket number of this proceeding before the Public Service Commission of Wisconsin was 9230-PI-101.

9) The Plaintiffs, together with several concerned citizens from Mellen and the immediate area, formed Mellen Area Rights Protection Association, LLC to represent their interests before the PSC, and filed a motion to intervene in 9230-PI-101 to oppose Enbridge's request for authority to use eminent domain.

10) On May 26th of 2020, Enbridge filed a motion for stay with the PSC alleging that it had acquired almost all of the easements that it needed for its re-routed pipeline and anticipated that it would acquire the remaining needed easements in the near future at

which point it intended to withdraw its request for a determination of its authority to use eminent domain because eminent domain would not be needed.

11) On June 19th of 2020, Enbridge filed a modified motion for a stay, in the filing Enbridge represented to the PSC that it believed that it had obtained all of the necessary interests in land to complete the project and only needed some additional time for due diligence.

12) On August 7th of 2020, Enbridge withdrew its PSC application and the docket was then closed by the PSC, the Mellen Area Rights Protection Association, LLC's motion to intervene was never decided due to the application being withdrawn.

13) On or around the 18th of February, 2021, Susan Turney observed a person who appeared to be a surveyor from Holland Engineering on the driveway on the Turney property. Later in the day Susan Turney observed the same person from Holland Engineering on Highway 13 speaking with a person with an Enbridge hat on. Susan Turney relayed this information to Peter Turney, who then went to the location on Highway 13 and approached the person from Holland Engineering, as the person with the Enbridge hat had already left. Peter Turney asked the person from Holland Engineering if he was working for Enbridge, and the Holland Engineering person replied that he was working for Enbridge. Peter Turney then informed the Holland Engineering person that the driveway is not a public road and that Enbridge was not allowed to use it. The Holland Engineering person said ok.

14) On February 20th of 2021, counsel for the Turneys wrote to Enbridge advising as follows:

> Notice of Trespass on Dr. Susan Turney and Mr. Peter Turney Property
>
> Dear Mr. Anderson and Mr. Halverson,
>
> On February 18th my clients, the Turneys, encountered Enbridge contractors on their property. The contractors, apparently from Holland engineering, explained that they were working for your company, Enbridge.
>
> The contractors explained that they believed that there was public right of way or easement across the Turney property, however as the survey (attached) shows this is incorrect.
>
> I am writing to make it clear that Enbridge is prohibited from entering or traversing the Turney property. I would greatly appreciate it if you both would advise all Enbridge contractors and staff to stay off of the Turney property.
>
> Sincerely,
>
> Erik Olsen

15) On April 16th of 2021, the Mellen City Attorney, Tyler Wickman, acting in his official capacity and pursuant to an official City policy, wrote to counsel for the Turneys advising that the City of Mellen was taking the position that the driveway is a public road. Exhibit A; Letter from City Attorney to Turneys.

16) On April 19th of 2021 counsel for the Turneys responded indicating that the driveway is not a public road via email as follows:

> Hello Attorney Wickman,
>
> Our position is that Jager Road is not a public road. You yourself admit that there is no recorded documentation of Jager Road being a public road, and the fact that the City may have mistakenly included it in the map sent to the Department of Transportation is irrelevant.
>
> Please inform anybody who enquires that our position is that Jager Road is not a public road and that unauthorized use will be prosecuted. Additionally, if you would confirm that any incorrect maps will be corrected in a reasonably expedient fashion it would be greatly appreciated.
>
> Thank you for your time and attention to this matter.
>
> Sincerely,
>
> Erik Olsen

17) Further correspondence ensued between counsel for the City, who at all times was acting in his official capacity and pursuant to an official City policy, and counsel for the Turneys, and on April 21st of 2021 the Turneys sent an open records request to the City of Mellen in the form of an email seeking the documentation that the City was relying on for its contention that the driveway is a public road.

Hello Attorney Wickman,

There is no evidence that I know of that would lead me to believe that there is a public road over the Turneys' property.

If you believe that there is a road, then you need to provide information that proves the existence of the public road. Governmental takings without the payment of just compensation violate the 5th Amendment to the United States Constitution and the 13th Amendment to the Wisconsin Constitution. Your threatening letter of April 16th asserting that there is a public road on the Turney property (where there is none) and threatening legal action under Mellen Ordinances is a violation of private property rights and violates the 14th Amendment to the United States Constitution.

Because you have not provided information proving the existence of any public road over the Turney property, I will now ask for it formally with open records requests:

Open Records Requests

Dear Records Custodian,

This is three (3) open records requests. If you are not the Records Custodian you are under a legal obligation to immediately forward this email to the appropriate records custodian(s).

Request #1: All records of any City of Mellen maintenance of the alleged public road on the Turney property.
Request #2: All records of how the City of Mellen acquired the alleged public road on the Turney property.

Request #3: All records any communication with anybody about the alleged public road on the Turney property (this includes Enbridge or anybody related to them or connected with them in any way).

This open records request is under the Wisconsin Open Records Law (Ch. 19 of the Wisconsin Statutes, Wis. Stat. §§ 19.31 – 19.39).

The Open Records law defines "record" to include information that is maintained on paper as well as electronically, such as data files and unprinted e-mails. Wis. Stat. § 19.32(2).

The Open Records Law "shall be construed in every instance with the presumption of complete public access consistent with the conduct of government business. The denial of access generally is contrary to the public interest and only in exceptional cases can access be denied."

If you deny my request, the law requires you to do so in writing and state what part of the law you believe entitles you to deny my request. Wis. Stat. § 19.35(4)(a). The law requires you to respond to this request "as soon as practicable and without delay".

I request that you notify me in advance if the cost of this request will exceed $1,000. If you are not the record custodian of these records, you must immediately forward this letter to the records custodian and respond informing me who the record custodian is.

Sincerely,

Erik Olsen

18) The City responded to the open records request with seventy-three pages of documentation, none of which supported the contention that a public road existed over the Turneys' property.

19) The documentation produced by the City in response to the open records request contained two professional surveys of the Turney property, both of which contradicted the City's position because neither showed any public roads on the Turney property. Exhibit B; Surveys.

20) The documentation provided in response to the Turneys' open records requests revealed that the City of Mellen had leased the road that it was asserting existed on the Turney property to Enbridge. Exhibit C; Lease.

21) On May 3rd of 2021, after having reviewed the records, the Turneys sent an email to the Mellen City Attorney informing that there was in fact no public road over the Turney property, and alerting the City that if it continued to inform third parties that there was public road on the Turney property that it would be violating the Turneys' constitutional rights.

22) On May 28th of 2021, the Turneys again encountered Enbridge personnel on their property and again explained to the Enbridge personnel that there is no public road on the Turney property.

23) On June 2nd, 2021, the Turneys, through counsel, wrote to the City asking the City to confirm that there is no public road over the Turney property.

24) The City responded later on June 2nd, 2021, stating that it maintained its position that the driveway on the Turney property is in fact a public road as follows:

> Dear Atty. Olsen:
>
> The City of Mellen's position is unchanged by your letter and previous email. The fact I did not respond is not an acquiescence to your position as you imply in your letter and I see no reasonable basis for you to believe the City accepted your position. The City made its position clear and cited the relevant law supporting its position. The City's position is unchanged by your email. The City does not encourage or discourage any use of a public road absent a health or safety reason to do so. The City's position is its roads are open to be used within the law by the public.

25) The City's position appears to be that the City took title to the purported road over the Turneys' property by claiming the road on the gas maps that the City generated over the years as part of claiming gas tax funds from the State.

26) Up until 2021, the Turneys had no knowledge that the driveway on their property was being listed as a public road on the City's gas map.

27) In relation to all allegations in this complaint the City of Mellen has at all times acted pursuant to an official City policy and under color of state law.

## JURISDICTION & JURY DEMAND

28) This Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 1343(3) in that the controversy arises under the United States Constitution, and under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 and 2202. This Court has authority to award attorneys fees and litigation expenses pursuant to 42 U.S.C. § 1988. Plaintiffs further invoke the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 (a) to hear and adjudicate state law claims to the extent that any are intertwined with the questions presented in this case. Each and all of the acts (or threats of acts) alleged herein were done by Defendant, or their officers, agents, and employees, under color and pretense of the statutes, ordinances, regulations, customs and usages of state law and pursuant to an official City policy. At this juncture, in order to avoid waiver, the Plaintiffs request a jury.

## CAUSES OF ACTION

## 42 U.S.C. SECTION 1983: VIOLATION OF THE 5TH AMENDMENT AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION

29) Each of the allegations above is restated and re-pled as though fully set forth herein.

30) The City, acting under color of state law and pursuant to an official City policy, is asserting that it took title to part of the Turneys' property, without notice, without due process, and without compensation, in violation of the 5th Amendment and the 14th Amendment to the United States Constitution by taking a road over the Turneys' property simply by drawing it on the City generated gas maps, without notice, due process, or compensation to the Turneys.

31) The City cannot use eminent domain to take the Turneys' property at this point, because it would clearly be for a private purpose - to facilitate Enbridge's project and to avoid a breach of the lease between the City and Enbridge.

## 28 U.S.C. SECTION 2201:  DECLARATORY RELIEF

32)  Each of the allegations above is restated and re-pled as though fully set forth herein.

33) As pled above, the City, acting under color of state law and pursuant to an official City policy, deprived the Turneys of their property and violated their 5th and 14th Amendment rights, by taking the Turneys' property by placing it on the gas map without due process compensation or notice.

WHEREFORE, Turneys pray that this Court grant the following declaratory and injunctive relief:

(a) A declaratory judgment that there is no public road on the Turneys' property.

(b) An injunction against the City of Mellen instructing it not to represent to anybody that there is a public road on the Turneys' property, and to take reasonable steps to correct any and all City generated maps.

(c) Award the Turneys their costs, interest and reasonable attorneys' fees for this action pursuant to 42 U.S.C. §1988 and other relevant statutes; and,

(d) Order such other and further injunctive relief as the Court deems just and proper under the circumstances.

Dated this 22nd day of June, 2021.

EMINENT DOMAIN SERVICES, LLC

__/s/ Erik S. Olsen___
Erik S. Olsen
SBN 1056276
erik@eminentdomainservices.com
Andrew D. Weininger
SBN: 1084096
andrew@eminentdomainservices.com

131 W. Wilson Street, Ste 800
Madison, WI 53703
(608) 535-6109